**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**MICHAEL SLAGER,**

     **Petitioner,**

     **v.**

**ED SHELDON, WARDEN,
TOLEDO CORRECTIONAL INST.,**

     **Respondent.**

               **CASE NO. 2:11-CV-873
JUDGE ECONOMUS
MAGISTRATE JUDGE ABEL**

**REPORT AND RECOMMENDATION**

       Petitioner Michael Slager, a state prisoner, brings this action for a petition for writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Magistrate Judge on the petition, *Respondent's Return of Writ,* and the exhibits of the parties. This case involves Michael Slager's April 22, 2008, convictions in the Franklin County Court of Common Pleas on failure to comply with an order or signal of a police officer and failure to provide notice of change of address made pursuant to the terms of his guilty pleas. Petitioner asserts in these proceedings that the prosecution breached the terms of the plea agreement and that his guilty plea was not knowing, intelligent or voluntary, in view of his understanding that his sentence would be no longer than that imposed on unrelated charges in Delaware County. Additionally, Petitioner complains that he did not obtain proper credit for time served in jail. For the reasons that follow, the Magistrate Judge concludes that neither of these claims merit federal habeas corpus relief and **RECOMMENDS** that this action be **DISMISSED**.

**FACTS and PROCEDURAL HISTORY**

     The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

On March 30, 2007, a Franklin County Grand Jury indicted appellant in case No. 07CR-2358 with one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331. Days later, a Franklin County Grand Jury indicted appellant in case No. 07CR-2407 with one count of failure to provide notice of change of address in violation of R.C. 2950.05. Appellant entered not guilty pleas in both cases.

Subsequently, a Delaware County Grand Jury indicted appellant with multiple offenses unrelated to the Franklin County cases. The indictment alleged, among other charges, multiple counts of theft, breaking and entering, and receiving stolen property. The conduct apparently occurred in July 2007.

On April 22, 2008, appellant withdrew his not guilty pleas in the Franklin County cases and entered guilty pleas in both cases. While discussing the cases with the trial court on the record, appellant informed the court that he had also agreed to a resolution of his Delaware County case. The trial court told appellant that it would have no problem ordering any sentences it imposed to be served concurrently with whatever sentence appellant received in the Delaware County case. The trial court postponed appellant's sentencing until June 10, 2008 to await appellant's sentencing in Delaware County.

On May 29, 2008, appellant entered a no contest plea to one count of theft and a guilty plea to three counts of receiving stolen property and one count of theft in the Delaware County case. The Delaware County court sentenced appellant to prison for a total of 51 months.

On June 10, 2008, the Franklin County Court of Common Pleas sentenced appellant to prison for five years in case No. 07CR-2358 and two years in case No. 07CR-2407. The trial court ordered the sentences be served consecutively for a total of seven years. The trial court also ordered that the sentences be served concurrently with his prison term in the Delaware County case. Finally, the trial court gave appellant 273 days of jail-time credit in both of the Franklin County cases. Appellant did not object. Ultimately, the Ohio Department of Rehabilitation and Correction provided appellant with 278 days of jail-time credit.

On July 9, 2008, appellant filed a pro se notice of appeal from the trial court's sentencing entries. The next day, he filed pro se motions for the trial court to correct its award of jail-time credit. In those motions, appellant alleged he was entitled to 346 days of jail-

> time credit. The trial court denied appellant's motions in a judgment entry dated July 21, 2008. On August 18, 2008, appellant filed a second notice appeal from the trial court's July 21, 2008 entry. This court granted appellant's request to consolidate the appeals.
>
> Appellant appeals and assigns the following errors:
>
> [1.] The trial court erred by imposing a sentence that contravened the sentence previously agreed upon by the court and the parties.
>
> [2.] The trial court erred in its calculation of jail time credit.

*State v. Slager*, Nos. 08AP-581, 08AP-582, 08AP-709, 08AP-710, 2009 WL 1027182, at *1-2 (Ohio App. 10th Dist. April 16, 2009). On April 16, 2009, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner filed a timely appeal to the Ohio Supreme Court. On August 26, 2009, the Ohio Supreme Court dismissed the appeal. *Exhibit 23 to Return of Writ.*

Next Slager filed a motion to reopen his appeal to assert claims of ineffective assistance of appellate counsel and breach of an agreement that his Franklin County sentence would not exceed that imposed on his Delaware County convictions. In its August 9, 2012 decision, the Ohio Court of Appeals for the Tenth Appellate District summarized the procedural history and ruled that the sentence imposed did not breach any agreement Slager entered before pleading guilty:

> On July 17, 2009, pursuant to App.R. 26(B), appellant filed an application to re-open *Slager I* on the basis of ineffective assistance of appellate counsel, along with a motion for appointment of new counsel. On November 24, 2009, we rendered a decision granting appellant's application and motion.
>
> In the re-opened appeal, *State v. Slager*, 10th Dist. No. 08AP–581, 2010–Ohio–4264, ¶ 1 (" Slager II "), appellant raised two assignments of error: (1) ineffective assistance of appellate counsel, and (2) imposition of a sentence that contravened the sentence previously agreed upon by the trial court and the parties. Appellant specifically alleged that the trial court judge promised to limit the length of the term of incarceration in Franklin County to

no more than the length of the term of incarceration in Delaware County. *Id.* at ¶ 6. We found appellant's first assignment of error to be moot and overruled appellant's second assignment of error, stating:

Under the circumstance, we cannot find that the sentences given were in contravention of an agreement of the court and the parties. To the extent there was an enforceable agreement, the agreement was for the Franklin County sentences to run concurrently with the Delaware County sentences. The trial court honored that agreement.

*Id.* at ¶ 18.

Subsequent to *Slager II*, appellant filed numerous additional motions in the trial court, including yet another motion for jail-time credit on August 12, 2011. In his motion for jail-time credit, appellant requested that the trial court issue an order directing the ODRC to credit him with 273 days of jail-time credit in case No. 07CR–2358. Appellant asserted that, thus far, he had received zero days of credit in that case, despite having been granted 273 days of credit in that case by the court. He stated that it did "not appear that [his] right to jail time credit is in dispute." Instead, he asserted that the issue was whether ODRC had failed to properly reflect that credit on its records. Appellant asked the trial court to "direct ODRC to modify defendant's sentence in case No. 07CR–2358 to reflect 278 FN1 days of jail-time credit." ( See Motion for Jail–Time Credit, at 3.) Appellant attached to his motion a letter from the ODRC Bureau of Sentence Computation, advising appellant that its records showed "a total of 278 days jail time credit for Case # 07CR042407 and zero days for Case # 07CR032358."

FN1. The trial court awarded 273 days of jail-time credit for jail time earned prior to the time of sentencing. Thereafter, ODRC added five days of jail-time credit for jail time earned post-sentencing but prior to transportation to the prison. *Slager I* at ¶ 18.

On September 8, 2011, the trial court journalized a decision and entry denying appellant's motion for jail-time credit. In its decision, the trial court stated that appellant's "claim for jail-time credit is barred by *res judicata* as any claimed errors in jail-time credit computation can and should be raised at the time of sentencing or on direct appeal." ( See Sept. 8, 2011 Decision and Entry, at 1.) Further, referring to *State v. Thorpe*, 10th Dist. No.

99AP–1180 (June 30, 2000), the trial court stated that this court had previously "recognized the repeal of the mandatory language of Crim.R. 32.2(D), which removed the earlier obligation of trial courts to determine jail time credit. [ *Thorpe* ]. Even though trial courts are still encouraged to make a recommendation to the Department of Rehabilitation and Correction (DRC) as to how much time was served prior to sentencing, the obligation to determine jail time credit rests with the DRC." FN2 (Emphasis added.) ( *See Decision and Entry* at 1–2.)

FN2. We note that the excerpt from *Thorpe* to which the trial court refers was a summary of the Second District decisions in *State v. Herd,* 2d Dist. No. 17385 (Mar. 31, 1999), and *State v.. Reichelderfer,* 2d Dist. No. 17445 (Apr. 30, 1999). Our decision in Thorpe however was specific to jail time credit served post sentencing. "With regard to any credit for time served between the sentencing and transportation to prison, the trial court found that it did not have jurisdiction to give jail time credit because jurisdiction to give jail credit after the initial sentencing date rests with the Ohio Department of Rehabilitation and Correction or with the Adult Parole Authority. We agree. '[T]he duty to grant credit for time served in jail "while awaiting transportation to the place where he is to serve his sentence" R.C. 2967.191, rests solely with the adult parole authority.' *State ex rel. Edwards v. Honorable M. David Reid, Court of Common Pleas, Greene County, Ohio* (July 8, 1987), Greene App. No. 87 CA 55, unreported, citing *State ex rel. Harrell v. Court of Common Pleas* (1979), 58 Ohio St.2d 193, 389 N.E.2d 506. Thus, in the present case, the trial court was under no duty to calculate this credit because such duty rests with the adult parole authority." (Emphasis added.) ( *Thorpe* at 1–2).

On September 16, 2011, appellant filed a timely notice of appeal and sets forth a single assignment of error for our consideration:

The trial court failed to send a certified judgment entry with the correct amount of days of jail time credit [pursuant to R.C.] 2967.191, that has already been [granted] by the Franklin County court, and [affirmed] by this court. Defendant has already been [granted] 273 days of jail time credit in case 07CR–2358.

*State v. Slager*, No. 11AP-794, 2012 WL 3224115, at *1-2 (Ohio App. 10th Dist. August 9,

2012).  On August 9, 2012, the appellate court affirmed the judgment of the trial court.  *Id*.

Petitioner apparently never filed an appeal of the appellate court's decision to the Ohio Supreme Court.

On October 11, 2011, Michael Slager filed the federal petition for a writ of habeas corpus that is now before the Magistrate Judge.  He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States because the trial court improperly imposed a sentence that contravened the sentence previously agreed upon by the court and all parties (claim one), and  because Petitioner did not obtain sufficient jail time credit (claim two).   It is the position of the Respondent that claim two is waived and claim one lacks merit.

## CLAIM TWO

**Procedural Default.** In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule.

*Maupin v. Smith*, 785 F.2d 135, 138  (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*.

In claim two, Petitioner argues he was improperly denied jail time credit for time he served pending his guilty plea agreement.  He asserts that he is entitled to 318 days jail time credit, instead of the 273 days granted him by the state trial court.  This claim is waived, because Petitioner failed to object at trial, and the state appellate court held that he had forfeited all but plain error review of the claim:

> Appellant contends in his second assignment of error that the trial court erroneously calculated his jail-time credit. Appellant received a total of 278 days jail-time credit. Although he claimed he was entitled to 346 days of jail-time credit in the trial court, he now claims that he is entitled to 328 days.
>
> Jail-time credit is prescribed by R.C. 2967.191, which provides, in part:
>
> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

Appellant did not object to the award of jail-time credit at sentencing. Because he failed to object, he has forfeited all but plain error for purposes of appeal. *State v. Hunter*, 10th Dist. No. 08AP-183, 2008-Ohio-6962, ¶ 16; *State v. Miller*, 4th Dist. No. 07CA2, 2007-Ohio-5931, ¶ 14.

Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate courts retain discretion to correct plain errors. *Id.; State v. Litreal*, 170 Ohio App.3d 670, 868 N.E.2d 1018, 2006-Ohio-5416, ¶ 12. Courts are to notice plain error under Crim.R. 52(B) " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes,* quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.

The trial court awarded appellant 273 days of jail-time credit, and the Ohio Department of Rehabilitation and Correction added 5 days for the time appellant spent in jail after he was sentenced, for a total of 278 days of jail-time credit. Appellant now claims he is entitled to 328 days of jail-time credit. Two disputed periods of time account for the difference between the number of days appellant received and the number of days he alleges he should have received: (1) March 14, 2007 through March 23, 2007; and (2) March 23, 2007 through May 30, 2007.

The first disputed period of time is ten days appellant apparently spent in a hospital recovering from injuries he sustained after he crashed his vehicle into a school bus while attempting to flee from the police. Appellant alleges that he was under arrest while in the hospital and, therefore, was confined for purposes of R.C. 2967.191. We disagree.

The Supreme Court of Ohio has concluded that "confinement" requires such a restraint on the defendant's freedom of movement that he cannot leave official custody of his own volition. *State v. Nagle* (1986), 23 Ohio St.3d 185, 186-87, 492 N.E.2d 158. See also *State v. Snowder*, 87 Ohio St.3d 335, 337, 720 N.E.2d 909, 1999-Ohio-135 (time spent in " 'secure facility that contains

lockups and other measures sufficient to ensure the safety of the surrounding community' " was confinement).

Appellant's stay in a hospital for treatment of his injuries does not constitute confinement for purposes of R.C. 2967.191. A hospital is generally not the type of secure facility envisioned by Snowder. More importantly, there is no indication in this record that appellant was guarded, confined, or restrained during his hospitalization. Although appellant contends that he was placed under arrest at the hospital, evidence in the record indicates that he was not arrested until March 23, 2007, which is the day he was discharged from the hospital.

Reviewing very similar facts, the court in *State v. Cochran* (Dec. 6, 1996), 4th Dist. No. 95CA876, rejected a request for jail-time credit for time spent in a hospital. The Cochran court declined to count time spent in a hospital as jail-time credit, noting in part that the defendant was only arrested after he left the hospital and that the police did not exert any control over him while in the hospital.

Here, because appellant was not arrested while he was in the hospital and because the record does not indicate that appellant was confined during his hospital stay, the trial court did not err by declining to award jail-time credit for the ten days appellant spent in a hospital.

The second disputed period of time is from March 23, 2007 through May 30, 2007. According to the trial court's pre-sentence investigation ("PSI"), the trial court granted jail-time credit from May 2, 2007 through May 30, 2007 (29 days). The trial court did not award jail-time credit from March 23, 2007 through May 1, 2007 (40 days). The PSI indicates that appellant received jail-time credit for these 40 days in two separate municipal court cases. Appellant argues that he should also have received jail-time credit for these 40 days in the instant cases.

R.C. 2967.191 authorizes jail-time credit for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *." Therefore, R.C. 2967.191 requires a connection between the jail-time confinement and the offense upon which the defendant is convicted. *Hunter*, at ¶ 17. It is the duty of the defendant to show an error in the jail-time credit calculation. *Id.*, citing *State v. Evans*, 2nd Dist. No. 21751, 2007-Ohio-4892, ¶ 13. If the defendant fails to demonstrate error, and no miscalculation in the

jail-time credit is apparent from the record, any claimed error must be overruled. *Hunter*, at ¶ 17.

Here, the record does not clearly indicate why appellant was incarcerated during the disputed 40-day period. The PSI states that appellant received jail-time credit for these 40 days in two municipal court cases, which suggests that appellant was confined during this period on those charges. Appellant has not demonstrated that he was confined during this period for the charges in the cases before us. Therefore, we cannot conclude that the trial court committed plain error in its calculation of appellant's jail-time credit. Accordingly, we overrule appellant's second assignment of error.

*State v. Slagel*, 2009 WL 1027182, at *3-5.

The United States Court of Appeals for the Sixth Circuit has held that plain error review does not constitute a waiver of the state's procedural default rules. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).

Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir.2004), cert. denied, 544 U.S. 1003, 125 S.Ct. 1939, 161 L.Ed.2d 779 (2005) (citing *State v. Smith*, 89 Ohio St.3d 323, 332, 731 N.E.2d 645 (2000)). The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.; Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Stojetz v. Ishee*, 2006 WL 328155 * 12 (S.D. Ohio Feb.10, 2006).

A state court's review of an issue for plain error is considered by the Sixth Circuit as the enforcement of a procedural default. *Williams,* 380 F.3d at 968; *Hinkle*, 271 F.3d at 244. The federal court, in determining whether a state court has relied on a procedural rule to bar review of an issue, examines the latest reasoned opinion of the state courts and presumes that later courts enforced the bar instead of rejecting the claim on the merits. *Hinkle*, 271 F.3d at 244 (citing *Ylst, v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)).

10

*Adams v. Bradshaw*, 484 F.Supp.2d 753, 771 (N.D.Ohio 2007). Therefore, petitioner has waived claim two for federal habeas corpus review.[1]

Petitioner may still obtain review of claim two if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violations.  Petitioner has failed to establish cause or prejudice for his procedural default.

Beyond the four-part *Maupin a*nalysis, a federal habeas court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333 (1992). Here there are no such extraordinary circumstances.

**CLAIM ONE**

In claim one, Petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary, because he pleaded guilty with the understanding that he would be sentenced to four years incarceration on both charges, such sentences to be served concurrently to his sentence in Delaware County, provided that the Delaware County Court sentenced him to at least four years. On this same basis, petitioner contends that the prosecution breached the terms of his guilty plea agreement.  The state appellate court rejected this claim in relevant part as follows:

> Appellant contends in his first assignment of error that the trial court's imposition of consecutive sentences breached its agreement to impose concurrent sentences. We disagree.
>
> During plea negotiations in the Franklin County court, the issue of appellant's Delaware County case arose. Appellant told the trial court that the Delaware County court indicated he could have some time before sentencing to put his life in order. He requested the

---

[1] Petitioner's habeas corpus claim two additionally fails to present an issue of constitutional magnitude that is appropriate for federal habeas corpus relief.  "A state prisoner has no right under the Federal Constitution to earn or receive sentencing credits."  *See Radtkev v. Stovell*, No. 2:08-cv-14980, 2011 WL 1689572, at *4 (E.D. Mich. May 4, 2011)(citing *Moore v. Hofbauer*, 144 F.Supp.2d 877, 882 (E.D.Mich.2001) (citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992)). "A state court's alleged misinterpretation of state crediting statutes is a matter of state concern only." *Id.* (citing *Howard v. White*, 76 Fed. Appx. 52, 53, 2003 WL 22146139, *2 (6th Cir.2003)

same reprieve from the trial court. The trial court declined appellant's request:

Mr. Slager, let me just stop you right now. Your 30 days you're requesting is not going to be part of this deal. If that's part of your Delaware deal, that's part of your Delaware deal. This Court's already gone beyond its generosity in trying to work with you and with this deal, and you got the offer from * * * your attorney, go back and discuss it with him. But that's where the Court is with being-deferring your sentence, waiting to see what happens up in Delaware, *running everything concurrent*.

(Tr. 42; emphasis added).

Appellant claims that the italicized portion of the trial court's statement indicates its agreement to impose concurrent sentences in the Franklin County cases. We disagree. When read as a whole, the statement is an indication that the trial court would postpone its sentencing until the Delaware County court sentenced appellant and that it would order its sentences to be served concurrently with whatever sentences the Delaware County court imposed. In fact, the trial court stated at least two other times on the record that it would order its sentences to be served concurrently with the Delaware County sentence. The trial court never indicated or promised that the sentences it would impose would run concurrent to each other.

Moreover, appellant signed a guilty plea form which indicated that the trial court would "consider concurrent time to Delaware Co." (Emphasis sic). The form did not indicate any consideration of concurrent sentences in the Franklin County cases. Finally, at sentencing, appellant's counsel asked the trial court to impose sentences concurrent to the Delaware County sentence and reminded the court of the notation on appellant's guilty plea form that the court would consider a concurrent sentence with the Delaware County sentence. Appellant did not object or indicate a different understanding.

Appellant has not demonstrated that the trial court agreed to impose concurrent sentences in the Franklin County cases. The trial court did not breach any agreement by imposing consecutive sentences. Therefore, we overrule appellant's first assignment of error.

*State v. Slagel*, 2009 WL 1027182, at *2.

Additionally, the state appellate court again rejected Petitioner' claim of a breach of the

guilty plea agreement in Rule 26(B) proceeding as follows:

> The second assignment of error calls upon us to interpret a set of verbal interchanges which occurred in open court in Franklin County before appellant entered a guilty plea and during the plea proceedings during which he pled guilty to a charge of failure to comply with a police officer's order and to a charge of failing to provide notice of a change of address. At the same time, he had separate felony cases pending in the Delaware County Court of Common Pleas.
>
> Before he entered his guilty pleas, appellant wanted to be released from custody, supposedly to get his personal affairs in order. The judge assigned to appellant's cases in Franklin County refused to seriously consider a release from custody.
>
> Appellant also wanted the term of imprisonment he would serve in Franklin County to run concurrently with the term of imprisonment he was to receive in Delaware County. The Franklin County judge who accepted appellant's guilty pleas agreed to do so and ultimately did do so.
>
> The issue on this re-opened appeal is whether the Franklin County judge also promised to limit the length of the term of incarceration appellant was to receive in Franklin County to no more than the length of the term of incarceration appellant received in Delaware County.
>
> Appellant's understanding of the situation can be gleaned from a number of places in the transcript of proceedings. In the context of his request of a release from custody, he stated:
>
> I would like to bring-I understand that if I take the plea bargain, I'm subject up to, I think a maximum of ten years if I don't show up back to court. * * *
>
> (Tr. 39.)
>
> The judge later stated:
>
> * * * But that's where the Court is with being-deferring your sentence, waiting to see what happens up in Delaware, running everything concurrent. I'm done. Okay?

13

(Tr. 42.)

Additional interchange then occurred between Brian Simms, the assistant prosecuting attorney assigned to the case, and Mark J. Miller, appellant's defense attorney:

MR. MILLER: Judge, just to mention, that's no more additional time.

* * *

MR. MILLER:-concurrent with no additional time.

(Tr. 42, 43.)

The trial court judge's attention seemed to have been more focused on the sentence in the two counties being run concurrently than on the length of the Franklin County sentences. Thus, the following was stated in open court:

THE COURT: But with that, you know-and as your attorney has told you, Mr. Slager, if you care to proceed with your trial and your trial comes back with a guilty verdict, I will still put off your sentencing until Delaware County does it and then it won't be concurrent, just so you know that, it will be consecutive.

So, I suggest you go back, talk with your attorney and understand where the Court is right now and letting you get all your messes cleared up for the same amount of time.

(Tr. 43.)

After appellant consulted with his counsel, he then entered the guilty pleas. During actual plea proceedings, the following dialogue occurred:

THE COURT: Do you understand there are two types of sentences you can get here and the Court is going to order a presentence investigation before imposing a sentence but that this Court has made no promises as to what your sentence will be; do you understand that?

* * *

THE DEFENDANT: Yes, Your Honor.

(Tr. 45-46.)

After the guilty pleas were accepted, the case was held over for sentencing at a later date. At the later sentencing hearing, counsel for appellant stated:

MR. MILLER: Just briefly. As the Court recalls, I think, we were here a couple months ago, had a jury come in, impaneled the jury, and we were able to work the case out. The Court indicated at that time, I believe on the record, that if Mr. Slager pled guilty to the two F-3's and if he received four or five years up in Delaware County, that this Court would run his time concurrently.

* * * Your Honor, we're asking this Court to consider sentencing him to concurrent time to his Delaware County case.

(Tr. 53, 54.)

Defense counsel did not make any mention of an understanding that appellant's sentence was capped by the length of the Delaware County sentence of incarceration.

Appellant, himself, addressed the court and asked for nothing but concurrent sentences. To quote his words:

THE DEFENDANT: Yes, Your Honor. I want to apologize to the Court and everybody else for my actions on that day, I do take full responsibility, and hope that the Court considers running my case concurrent.

(Tr. 55.)

The judge then gave appellant a 5 year sentence of incarceration on the failure to comply with the order of a police officer case, with 273 days of jail-time credit to run concurrently with his sentence of incarceration in Delaware County. The judge then gave appellant a sentence of 2 years on the failure to provide notice case, and also gave 273 days of jail-time credit on that case. The second case was also to run concurrent with the Delaware County case, but consecutively to the sentence on the other Franklin County charge. Stated more concisely, appellant received a sentence of 7 years of incarceration on the Franklin County cases with 546 days of jail-time credit, or a total sentence of 5 1/2 years of custody to run concurrently with the 4.25 years of incarceration given in Delaware County.

15

We do not find that the Franklin County trial court judge made a
statement which irrevocably capped appellant's time of
incarceration. Appellant indicated that he knew he could receive a
sentence of as much as 10 years of incarceration. When the plea
was actually entered, no mention was made of a cap and the judge
stated that she had "made no promises as to what your sentence
will be[.]" (Tr. 45.)

When the sentencing actually occurred, no mention was made by
either defense counsel or appellant himself that his sentence was to
be capped.

Under the circumstance, we cannot find that the sentences given
were in contravention of an agreement of the court and the parties.
To the extent there was an enforceable agreement, the agreement
was for the Franklin County sentences to run concurrently with the
Delaware County sentences. The trial court honored that
agreement.

The second assignment of error is overruled.

*State v. Slagel,* 2012 WL 1883835, at *1-3.

   The factual findings of the state appellate court are presumed to be correct. 28 U.S.C. §

2254(e)(1) provides:

In a proceeding instituted by an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State
court, a determination of a factual issue made by a State court shall
be presumed to be correct. The applicant shall have the burden of
rebutting the presumption of correctness by clear and convincing
evidence.

Further, a federal habeas court may not grant relief unless the state court's decision was contrary

to or an unreasonable application of clearly established federal law, or based on an unreasonable

determination of the facts in light of the evidence that was presented. 28 U.S.C. § 2254(d)

provides:

An application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be
granted with respect to any claim that was adjudicated on the

16

> merits in State court proceedings unless the adjudication of the
> claim—
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different from an
> incorrect application of federal law." *Williams v. Taylor*, 529 U.S.
> 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a
> federal habeas court may not issue the writ simply because that
> court concludes in its independent judgment that the relevant state-
> court decision applied clearly established federal law erroneously
> or incorrectly." *Id.*, at 411, 529 U.S. 362, 120 S.Ct. 1495, 146
> L.Ed.2d 389. Rather, that application must be "objectively
> unreasonable." *Id.*, at 409, 529 U.S. 362, 120 S.Ct. 1495, 146
> L.Ed.2d 389. This distinction creates "a substantially higher
> threshold" for obtaining relief than de novo review. *Schriro v.
> Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836
> (2007). AEDPA thus imposes a "highly deferential standard for
> evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320,
> 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands
> that state-court decisions be given the benefit of the doubt,"
> *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d
> 279 (2002) *(per curiam)*.

*Renico v. Lett*, ——— U.S. ———, 130 S.Ct. 1855,1862, 176 L.Ed.2d 678 (2010) (footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the
> holdings, as opposed to the dicta, of this Court's" cases. *Williams
> v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389
> (2000). An "unreasonable application" of that law involves not just
> an erroneous or incorrect decision, but an objectively unreasonable
> one. *Renico v. Lett*, 559 U.S. ———, 130 S.Ct. 1855, 176 L.Ed.2d
> 678 (2010).

*Wong v. Smith*, 131 S.Ct. 10(Mem), 2010 WL 752363, at *2 (Nov. 1, 2010). "A state court's

determination that a claim lacks merit precludes federal habeas relief so long as " 'fairminded

jurists could disagree' on the correctness of the state court's decision. *Harrington v. Richter*, —— U.S. ——, 131 S.Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140 (2004)). Petitioner has failed to meet this standard here.

Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, any plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A criminal defendant cannot successfully challenge the voluntariness of his or her plea simply because the government is responsible for some of the factors motivating him or her to plead. *Brady v. United States,* 397 U.S. 742, 750 (1970). However, the prosecutor must keep any promises he or she made in the plea agreement. *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978). When a prisoner challenges his guilty plea on the basis that it was induced by an unkept promise, the court must determine whether the allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant a summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). In applying this standard, a court must indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id*. at 74.

In view of the record, the Magistrate Judge cannot conclude that the state appellate court's decision rejecting Petitioner's claim is unreasonable so as to warrant federal habeas corpus relief.  The record fails to support Petitioner's allegation that the prosecution or trial court made any promise regarding the length of sentence that would be imposed on his charges. Neither the guilty plea colloquy nor the plea agreement indicate that Petitioner pleaded guilty under such agreement.   At his guilty plea hearing, Petitioner indicated he understood that the court had made no promises as to what his sentence would be. *Guilty Plea Transcript*, PageID #686-87.  He understood he faced one to five years on each count.  *Id*. PageID #687.  At Petitioner's sentencing hearing, his attorney reminded the trial judge that it had previously stated it would run Petitioner's sentence concurrent to his Delaware County Sentence and requested that the trial court run his sentence concurrent to his sentence in Delaware.  *Sentencing Transcript*, PageID #694-95.  The prosecutor advised the court that under the terms of Petitioner's guilty plea agreement, there was no requirement that the court run Petitioner's sentences concurrent to the Delaware County sentence, and requested that Petitioner be sentence in accordance with the severity of the facts.  PageId #698-96.  Immediately thereafter, when the trial court asked Slager if he had anything to say, he only said that he wanted to apologize to everyone for his actions, he took full responsibility, and hoped that the court would consider running his case concurrent.  PageId #696.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. at 74. Petitioner's allegation that he only pleaded guilty because of an off-the-record promise that his sentence would terminate when his Delaware County sentence did is unworthy of credit in view of the record. As discussed by the United States Court of Appeals for the Sixth Circuit,

> [p]lea bargaining "is an essential component of the administration of justice. Properly administered, it is to be encouraged." *Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 497, 30 L.Ed.2d 427 (1971). It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties.... To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards.

*Warner v. United States*, 975 F.2d 1207, 1212 (6th Cir.1992). Absent extraordinary circumstances the plea agreement is consists of those terms revealed in open court and indicated in Petitioner's written plea agreement. *Id*.

Claim one is without merit.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

s/Mark R. Abel_____
United States Magistrate Judge